PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. ADOLFO
RUIZ, JR., Defendant and Appellant.

No. 2456. Argued May 7, 1925.—Decided July 23, 1925.

1. RAPE—INSTRUCTIONS TO JURY—EXCEPTION.—A special exception taken to the
instructions to the jury should be specific and point out explicitly the instruc-
tion or part thereof to which objection is made.
2. ID.—ID.—Although instructions given to the jury in a loud tone of voice are
defective in that respect, yet they are not improper when they show nothing
implying partiality, compulsion or threat.
3. ID.—ID.—After a jury have been deliberating for a long time the court may
call them and give them additional instructions so that they may come to an
agreement.

District Court of Mayagüez, Angel Acosta, J. Judgment of convic-
tion for rape. Affirmed.

D. Sepúlveda and Genaro Altiery for the appellant. José E. Fi-
gueras, Fiscal, for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from a judgment sentencing defendant
Adolfo Ruiz, Jr., to fifteen years in the penitentiary at hard
labor after he had been found guilty by a jury of the crime
of rape.

The appellant assigns various errors, but they refer sub-
stantially to the instructions given to the jury by the trial
court.

The case was tried on January 24, 1924, and the jury
remained in deliberation from that day until the 26th of the
same month.

On January 25, 1924, the judge asked the jury whether
they had come to an agreement and the foreman answered
in the negative, whereupon, after instructing them on the
provisions of section 277 of the Code of Criminal Procedure
and stating that there was ample evidence in the case to enable
them to agree upon a verdict for or against the defendant,
the judge ordered them to continue in deliberation.

On January 26, 1924, the judge again asked the jury in
open court whether they had reached an agreement and the
foreman replied that they had been unable to do so notwith-
standing their united efforts. The judge then asked the jury

whether they needed any instructions and the foreman replied that they did not, otherwise they would have asked the court for them. Notwithstanding this, the judge proceeded to give them additional instructions.

[1] The defendant took a general exception to each and all of the instructions given by the court to the jury and a special exception to the instructions concerning the evidence which the court considered corroborative of the testimony of Virginia García. As the instructions should be considered as a whole and each of them be taken in connection with the others which refer to the same matter and not fragmentarily, the exception alleged to have been taken specially as regards the evidence corroborative of the testimony of the victim should have been more specific, pointing out explicitly the instruction or part thereof to which objection was made, thereby raising the particular point.

The instructions of the trial judge were quite ample and embraced several particulars related to the corroborative evidence, and, in our opinion, taken as a whole they correctly state the law applicable to the particular case. The judge expressly stated at the commencement of his charge that in accordance with the law in trials for rape the defendant can not be convicted on the sole testimony of the outraged woman, it being necessary that her testimony be corroborated by other evidence. The judge also stated that her testimony must be corroborated by essential elements of the crime and, developing that theory, he indicated as the first element of the crime the age of the victim; second, the carnal act, and after saying that although these requisites alone would not have been sufficient to support a conviction, the judge referred in the third place to the direct and circumstantial evidence which connected the defendant with the commission of the crime, laying down then the real theory of the law, that is, corroboration on the same condition that jurisprudence requires for the corroboration of the testimony of an accomplice. We do not hold, however, that the charge of the trial judge

was perfect. He could have explained better the matter of corroboration of the connection of the defendant with the commission of the crime so as to dispel confusion on that point, but his attention was not expressly called to it and the lack of a more precise instruction, if necessary, is not reversible error. The instruction concerning the testimony of the physician as corroborative of the crime is actually defective. This is the error on which the appellant places the most stress; but it may be observed clearly that the judge was referring rather to the corroboration of the carnal act. Therefore, if the appellant desired to record his objection to that instruction, inasmuch as in general the theory of the law had been correctly explained, he should have been more specific in his exception. Under these circumstances the reasons why the authorities hold that exceptions to particular instructions should be specific become clearly justified. The rule has been well defined. The defendant should not shield himself behind an exception which because of its failure to particularize and to be more explicit does not give the trial judge an opportunity to correct his error, if he becomes aware that any has been committed.

The appellant maintains that the trial court erred in giving additional instructions to the jury on the ground that they were officious, threatening and full of prejudice, constituting compulsion of the jury by compelling them to agree upon a verdict of conviction. It is alleged also that the instructions were given in a violent tone of voice, proper for argument of prosecuting counsel, but improper in a charge to the jury.

[2] It has been held that in charging the jury a judge should not by his manner, tone of voice, or otherwise, indicate to them that he favors the one side or the other; and, therefore, intense expressions of feeling in a judicial charge, of such a nature as may seriously interfere with a calm and impartial consideration of the facts by the jury, are serious error. 14 R.C.L. 765.

Without stopping to consider that it may be more or less

easy to discover facts that we have not perceived by our own senses, and although the appellant's attorney attempted to imitate before this court the tone of voice in which the instructions were given by the trial judge, perhaps we might obtain such knowledge, in the absence of other physical means, from an analysis of the words or expressions which, being hostile or partial, might indicate the emphasis with which they were uttered in the instructions to the jury. However, an examination of the instructions in this case shows that if they were defective as indicated, they contain nothing implying partiality, compulsion or threat, but the whole conduct of the judge indicates a natural spirit of justice which, of course, if exaggerated might take the expression of the *summum jus, summa injuria* of the Romans and be prejudicial to the defendant.

[3] Furthermore, in calling the jury spontaneously on the 25th and 26th and giving to them additional instructions, the judge had no other purpose than to inquire why the jury had not come to an agreement and whether there was any probability that they would; but he said nothing that can be construed to be a threat or to compel an agreement or suggest a verdict. He also called their attention to the expenses that the Government would again incur by a new trial, and insisted that they come to an agreement in favor of or against the defendant, considering the long time elapsed.

In connection with this action of the court the authorities express themselves as follows:

"It is proper for the court, after the jury have been deliberating for some time, to recall them to ascertain why they cannot agree, and to inquire as to whether there is any likelihood of an agreement. Provided nothing is said to coerce an agreement, or to indicate what verdict should be rendered, or that may be considered as an appeal to the jury to decide the case in some way even at the expense of honest convictions, the court may give the jury further instructions or advice calculated to assist them in coming to an agreement; may call their attention to the time taken in the trial and the great expense incurred therein, or which would be incurred

by a retrial; may impress upon them the importance of the case and urge them strongly to come to some agreement; may ask them if any one has intruded upon their deliberations or has attempted to tamper with them; and may direct them to retire for further consideration.'' 16 C. J., p. 1091, sec. 2562.

As a general rule it is settled also that it is within the province of the court to recall the jury and give them further instructions when in the exercise of a proper discretion it regards it necessary to do so in the furtherance of justice. 16 C. J. 1087.

And we can not say that the trial court did not make a proper use of its discretional power in this case in recalling the jury and giving them the additional instructions which we have considered.

Nor was any fundamental error committed in the weighing of the evidence by the jury, for, taken as a whole, it is sufficient to support the verdict.

For all of the foregoing reasons the judgment of the district court must be affirmed.